## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS - URBANA DIVISION

| | |
|---|---|
| DANIEL IGWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 15-cv-02303 |
| ST. MARY'S HOSPITAL, DECATUR, of the Hospital Sisters of the Third Order of St. Francis and DENISE SMITH, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
### FOR RULING ON DISCOVERY OBJECTIONS

**NOW COMES** Plaintiff, DANIEL IGWE by and through his attorney, Jeff W. Lindsay, P.C. and respectfully requests this Court to rule on Defendants objections to discovery requests.

### FACTS

1. On August 27, 2016, Plaintiff propounded Interrogatories and a Request to Produce on Defendants.

2. On or around April 19, 2017 Defendants tendered Answers to Plaintiff's Interrogatories and a Response to Plaintiff's Request to Produce.

3. On May 3, 2017 the Court entered an Amended Scheduling Order requiring the parties to complete discovery by August 25, 2017 which was subsequently extend to September 29, 2017.

4. Pursuant to a letter dated July 6, 20170 the parties were able to resolve some discovery disputes without the assistance of the Court which resulted in previously redacted documents being submitted to Plaintiff's counsel on or around July 31, 2017. **Exhibit 1**

5. However, the following discovery disputes that have not been resolved after reasonable attempts of the parties which are further outlined in **Exhibit 2**:

   I. Interrogatories

      i. Defendants made general objections to each and every interrogatory and

specific objections to interrogatories 1-5, 10-20 and 22-23 but then answered certain questions "without waiving said objection".

    I. Request to Produce:

        i. Defendants raised general objections to each and every Request to Produce and specific objections to the following Requests for Documents: 1, 4, 6, 26, 28, 31, 32, 33, 34, 35, 36, 37, 38, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 56, 57, 59, 60, 61

        ii. Defendants stated they have "No responsive documents" for the Request to Produce 7-25, 27, 29, 30, 38, 39. However, on information and belief the requested documents exist but there is a dispute as to whether the documents are dispositive to the claims alleged in this case.

It is necessary for the Court to rule on Defendants discovery objections in order for Plaintiff to discern whether Defendants have completely complied with written discovery or are simply providing certain information and withholding certain information in reliance upon said objections.

Additionally, it is necessary for the Court to assist in compelling Defendants to comply with written discovery.

**WHEREFORE**, Plaintiff DANIEL IGWE by and through his attorney, Jeff W. Lindsay, P.C. respectfully request this Court to rule on Defendants objections to discovery requests and to compel Defendants to comply with written discovery within 14 days and to extend the deadline upon which the parties are to complete oral discovery in this case which currently set for September 31, 2017.

                                              Respectfully submitted,
                                              **JEFF W. LINDSAY, P.C.**

                                              By: /s/ Jeff W. Lindsay
                                                    Attorney & Counselor at Law

## CERTIFICATE OF SERVICE

      I, Jeff W. Lindsay, on oath state that on September 8, 2017, I electronically filed this document with the Clerk of the Court using the CMECF system which will send notification of such filing to the following party of record.

Alejandra Lara  
Drinker Biddle & Reath, LLP  
191 North Wacker Drive, Suite 3700  
Chicago, IL 60606  
Alejandra.Lara@dbr.com

                          Respectfully submitted,

                          **JEFF W. LINDSAY, P.C.**

                          By: /s/  Jeff W. Lindsay  
                                Attorney & Counselor at Law

Jeff W. Lindsay, P.C.  
318 W. Washington Street  
Bloomington, Illinois 61701  
(309) 827-5426  
(309) 827-5427 - Fax  
notice@jeffwlindsay.com  
Atty. No.: 6291747

THE LAW FIRM OF
# JEFF W. LINDSAY, P.C.
318 W. WASHINGTON STREET
BLOOMINGTON, ILLINOIS 61701
309.827.5426
309.827.5427-FAX
309.588.4529-MOBILE
JEFF@JEFFWLINDSAY.COM

July 6, 2017

Ms. Alejandra Lara
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698

Re: Igwe c. St. Mary's Hospital
Central District of Illinois: 15 cv 2303

Dear Ms. Lara:

Please be advised of the following deficiencies in your client's discovery responses:

Answers to Interrogatories:

*Saint Mary's Hospital* – Nos 2, 5, 9, 12,13,14,15,16 and 23. Please further provide me with my client's user identification code which likely consists of twelve letters and numbers. Additionally, for the remaining answers please advise whether you are objecting or answering the question.

Denise Smith – Please advise whether you are objecting or answering the questions.

Response to Request to Produce:

*Saint Mary's Hospital* – Nos 11, 12, 15, 16, 19, 20, 21, 26, 27, 59, 60 and 61, including but not limited to, the computer report identifying the patients records my client allegedly accessed including his user identification code, peminic report alleging my client failed to follow doctors' orders regarding the use of a scrotal sling by nurse Patricia Patience, patient records including but not limited to the February 28, 2013 allegations, complaints of retaliation against Denise Smith, Deborah H. and Lanie, and Patient Care Management reports. For the remaining answers please advise whether you are objecting or providing a response.

Please also forward un-redacted copies of the discovery responses, including but not limited to pages 136, 220, 223-225, 228-231, 237-240, 242 and 243, copies of the requested Patient Care Management reports

Please forward complete discovery responses by July 13, 2017. I look forward to your anticipated cooperation. I am also awaiting a response to my demand.



Very truly yours,

JEFF W. LINDSAY, P.C.

Jeff W. Lindsay
Attorney at Law

cc: Daniel Igwe

THE LAW FIRM OF
# JEFF W. LINDSAY, P.C.
318 W. WASHINGTON STREET
BLOOMINGTON, ILLINOIS 61701
309.827.5426
309.827.5427-FAX
309.588.4529-MOBILE
JEFF@JEFFWLINDSAY.COM

August 17, 2017

Ms. Noreen Cull
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698

             Re:  Igwe v. St. Mary's Hospital
                Central District of Illinois: 15 cv 2303

Dear Ms. Cull:

Thank you for agreeing to a two-week extension to complete discovery in the above referenced matter. However, based on the following, it is clear to me that we will need more than two weeks to complete discovery. Please note that I am not available for a deposition on August 22, 2017 at 10:00 a.m., and that my client will not be going Chicago for his deposition. If you would like to take my client's deposition, please coordinate a time for the deposition to take place at my office and note that we would like to receive your client's compliance with written discovery and have the Court rule on your objections prior to conducting depositions.

Accordingly, please your clients answers to the following interrogatories were not complete:

11. Identify the patients by patient name and number who were assigned to Plaintiff on February 28, 2013, February 29, 2013, October 29, 2013, **October 30, 2013** and October 31, 2013.

12. Identify all patients by patient name and patient number who were admitted to or were at any time assigned to St. Mary's Hospital, Decatur intensive care unit on February 28, 2013, February 29, 2013, October 29, 2013, October 30, 2013 and October 31, 2013.

13. Identify the patient by patient name and patient number who was admitted on February 28, 2013 to St. Mary's Hospital, Decatur Emergency Room by Mohammed A. Rahman and later assigned to Plaintiff in the intensive care unit.

14. Identify the patient by patient name, patient number and an and all patient room assignment numbers who was admitted on October 29, 2013 to St. Mary's Hospital, Decatur same day surgery and later admitted to the intensive care unit and assigned to Plaintiff.

15. Identify by name and user identification code all persons who accessed the patient's medical records and or the patient's medical records assigned to the patient's room number(s) identified in question 14 above from the time of admission on October 29, 2013 to the date of this response.

16. Identify the patient by patient name, patient number and an and all patient room assignment numbers all patients admitted to St. Mary's Hospital, Decatur intensive care unit that were on limb restraints from October 29, 2013 and or October 31, 2013 and any and all reports and or communications to house supervisors and or documents relating to said limb restrains.

DEFENDANT'S EXHIBIT 2

Additionally, please have your clients comply fully with the following Requests to Produce:

Defendants stated that they have "No responsive documents" for the Request to Produce 7-25, 27, 29, 30, 38, 39. However, we know there are documents relating to information requested. I have outlined the following deficiencies in your clients Response to Request to Produce by number:

56. All documents, including but not limited to, medical records, notes, charts, orders, face sheets, lab results, imaging reports, correspondence, access logs, ICU Census records, Meditech records, ESI, user identification codes, and the names of the person or people who accessed the documents referenced in this paragraph for the patient and dates identified in Plaintiff's First Set of Interrogatories numbered 11, 13, 14 and 16. *Please forward Entire un-redacted written (not just hardcopy) and electronic "actual software data" "Meditech" format files for patients Mickey D. Agnew and John Tyson Jr. Please forward A list of ALL patients in the ICU as well as the hospital for the dates 10/29/13 and 10/30/13. This document is also known as the patient census report: both unit-specific and hospital-wide.*

57. All St. Mary's Hospital, Decatur census records for patients of the dates identified in Plaintiff's First Set of Interrogatories number 12 and a list of patients, including names and patient numbers who were admitted and or were at any time assigned to to St. Mary's Hospital, Decatur intensive care unit on November, 6, 2013 and November 11, 2013. *Please forward A list of ALL patients in the ICU as well as the hospital for the dates 10/29/13 and 10/30/13. This document is also known as the patient census report: both unit-specific and hospital-wide.*

58. A complete copy of the report identified as Exhibit 1 to Plaintiff's First Set of Interrogatories that includes the person who accessed the record's full name and user identification code. *Please forward the user report SMD generated to allege violation of HIPPA identified by name alongside all pertinent account numbers in addition to Staff Access ID both in written and electronic form (excel and Meditech format).*

59. A complete patient care management report, (similar to what is identified as Exhibit 1 attached to Plaintiff's First Set of Interrogatories) including "ID", "Devise ID", "Application", "Routine Name", user identification code and the person's name for each patient and date identified in Plaintiff's First Set of Interrogatories numbered 11, 13, 14 and 16. *Please forward a complete Patient Care Management report hardcopy and handwritten as well as the electronic "actual software data" "Meditech" format for 10/29/13 and 10/30/13.*

Please provide me with complete Answers to Interrogatories and Responses to Request to Produce by Friday, August, 18, 2017 along with a mechanism to review the electronic data i.e. a copy of the Meditech software or I will have no choice but to bring these issues to the Court's attention with the Motion for Ruling on your client's objections that I will tender shortly along with our Motion for Extension of Time to Complete Discovery.

Thank you for your time and close attention to these matters.

Very truly yours,

JEFF W. LINDSAY, P.C.

Jeff W. Lindsay
Attorney at Law

cc: noreen.cull@dbr.com, Daniel Igwe