E-FILED
Thursday, 08 November, 2018  02:23:52 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **DANIEL IGWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 15-2303** |
| | ) | |
| **ST. MARY'S HOSPITAL, DECATUR,** | ) | |
| **of the Hospital Sisters of the Third Order** | ) | |
| **of St. Francis and DENISE SMITH** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Before the court for rulings are Plaintiff's Motion for Relief from Order (#45) and Defendants' Motion to Enforce Settlement (#47).  For the reasons that follow, Plaintiff's Motion for Relief from Order is DENIED, and Defendants' Motion to Enforce Settlement is GRANTED.

### BACKGROUND

Plaintiff, Daniel Igwe, filed suit against Defendants, St. Mary's Hospital and Denise Smith, in the Circuit Court of Macon County.  Defendants removed the case to this court on December 21, 2015.  On April 11, 2016, Plaintiff filed a 33-count Third Amended Complaint (#22), which is the operative pleading in this case.  In it, Plaintiff sues Defendants for discrimination based on race and sex, retaliation, harassment, and negligence.

On December 15, 2017, Magistrate Judge Eric I. Long held a settlement conference.  The Minute Entry for that date states "Settlement reached."  The court made a record concerning the terms of the settlement the parties had reached, which has been transcribed and was filed, sealed, on October 1, 2018.[1]

On December 19, 2017, Judge Long entered an Order Following Report of Settlement (#43), directing the parties to file a stipulation of dismissal within 35 days. At the request of the parties, Judge Long extended the deadline for filing settlement papers seven times.  He also held multiple Post Settlement Conferences and status conferences.

The most recent status conference was held on September 26, 2018.  The Minute Entry for that date provides: "Motion to enforce settlement by Defendant due no later than 10/17/2018.  Plaintiff has 14 days thereafter to file a response."

On October 16, 2018, Plaintiff filed a Motion for Relief from Order (#45).  He argues that the settlement agreement "is likely unenforceable" and he "requests relief from the Courts' September 26, 2018 order and further requests the Court to enter an order for a continued settlement conference, in open court with Plaintiff and Counsel for all parties present, in an attempt to resolve the remaining unresolved issues impeding settlement of this case."

---

[1]Because the transcript is sealed pursuant to the terms of the parties' settlement, its contents will not be discussed in detail in this order.

Defendants filed a Response (#48) on October 30, 2018.  Defendants argue the case has already settled, so a continued settlement conference is not warranted.

On October 17, 2018, Defendants filed a Motion to Enforce Settlement (#47).  The Motion argues that a transcript from the December 15, 2017 settlement conference states the material terms of the settlement the parties reached on that date after a full day of mediation at an in-person settlement conference before Judge Long.  Defendants allege that Plaintiff insists on including language in the settlement papers that is in clear conflict with the terms of the oral settlement agreement, and ask that the court enter an order enforcing the settlement entered into at the December 15, 2017 settlement conference.  Defendants ask the court to dismiss the case with prejudice, regardless of whether Plaintiff signs a written agreement.  Defendants also ask for their fees and costs for filing the Motion as a sanction for Plaintiff's unreasonable actions and delay.

Plaintiff filed a Response (#50) to the Motion to Enforce Settlement on November 2, 2018.  Plaintiff argues that the Motion to Enforce Settlement should be denied because the transcript is not an enforceable contract.  Alternatively, Plaintiff requests that the court reserve ruling on the Motion until after holding an additional mediation session with the parties, as requested in his Motion for Relief from Order.

ANALYSIS

A district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). State law applies in a suit to enforce a settlement, even if the settlement occurred in a federal case. *Dillard v. Starcon Intern., Inc.*, 483 F.3d 502, 507 (7th Cir. 2007).

Defendant argues that the court must look only to the "four corners" of the transcript of the December 15, 2017 settlement conference, which is not enforceable as a contract "because it includes vague representations, affirmations, assurances, questions, issues, acronyms, suggestions, undetermined terms, and matters that were left to the parties to resolve in the future." However, the "four corners rule" applies to agreements that have been reduced to writing. See, e.g., *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999). This case, by contrast, concerns an oral settlement agreement.

Under Illinois law, oral settlement agreements are enforceable if there is an offer, acceptance and a meeting of the minds as to the terms. *Dillard*, 483 F.3d at 507. "Whether a 'meeting of the minds' occurred depends on the parties' objective conduct, not their subjective beliefs." *Id.*

The court has examined the transcript of the December 15, 2017 settlement conference. The court finds that the parties on that date entered into a binding and enforceable agreement to settle Plaintiff's claims. The transcript expresses an offer,

4

acceptance, and a meeting of the minds.  The parties, including Plaintiff personally, orally agreed to the terms of the agreement after Judge Long stated them on the record. Therefore, Defendants' Motion to Enforce Settlement is GRANTED.[2]

Accordingly, the court finds that both parties are bound by the agreement reached on December 15, 2017, as discussed on the record that day.  Within 35 days of the entry of this order, Defendants shall acknowledge in writing their obligations pursuant to the December 15, 2017 settlement agreement, and they shall tender the agreed-upon settlement amount to Plaintiff's attorney.  Defendants shall file a concise status report stating that they have done so on or before that same date.  The court then will dismiss the case with prejudice, and Plaintiff will remain bound by the terms of the December 15, 2017 settlement agreement whether or not he acknowledges them in writing on or before that date.

If Plaintiff intends to appeal this order, then his attorney shall hold the settlement amount in the client trust account until the resolution of the appeal.  See *Martina Beverly and Henry Beverly v. Abbott Lab., Inc.*, 2014 WL 12660099, at *3 (N.D. Ill. December 28, 2014) (granting motion to enforce settlement and setting forth conditions for dismissal of the case with prejudice).

 Conversely, Plaintiffs' Motion for Relief from Order is DENIED.  Judge Long presided over a settlement conference at which the parties reached an agreement.  He then participated in numerous Post Settlement Conferences and status conferences with

---

[2]However, the court denies Defendants' request for sanctions.

5

the parties.  He extended the deadline for filing settlement papers seven times.  In light of the extensive mediation that has already occurred, the court declines to order any further mediation.

　IT IS THEREFORE ORDERED THAT:

(1)  Plaintiff's Motion for Relief from Order (#45) is DENIED.

(2)  Defendants' Motion to Enforce Settlement (#47) is GRANTED.  Both parties are bound by the agreement reached on December 15, 2017.  Within 35 days of the entry of this order, Defendants shall acknowledge in writing their obligations pursuant to the December 15, 2017 settlement agreement, as discussed on the record.  Defendants shall also tender the agreed-upon settlement amount, stated in the transcript, to Plaintiff's attorney by that date.  Defendants shall file a concise status report stating that they have done so on or before that same date.  The court then will dismiss the case with prejudice, and Plaintiff will remain bound by the terms of the December 15, 2017 settlement agreement whether or not he acknowledges them in writing on or before that date.  If Plaintiff intends to appeal this order, then his attorney shall hold the settlement amount in the client trust account until the resolution of the appeal.

ENTERED this 8th day of November, 2018.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE

6